UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10288-RGS

UNITED STATES OF AMERICA,
ex rel. BERNARD LISITZA

v.

JOHNSON & JOHNSON, ORTHO-McNEIL-JANSSEN
PHARMACEUTICALS, INC., and
JOHNSON & JOHNSON HEALTH CARE

ORDER ON DEFENDANT JOHNSON & JOHNSON'S
MOTION FOR PARTIAL RECONSIDERATION

May 12, 2011

STEARNS, D.J.

Defendants Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Johnson & Johnson Health Care Systems, Inc. (collectively J&J), ask the court to reconsider its February 25, 2011 Memorandum and Order insofar as it denied dismissal of relator Lisitza's claims under the first-to-file rule. In the Order, the court noted that the Maguire 2002 Complaint did not specify J&J or its branded products by name. In its motion for reconsideration, J&J points to the fact that paragraph 16 of the Maguire Complaint did name the drug Risperdal, a J&J product. Based on the court's mistaken factual premise, J&J asks the court to reconsider its ruling. *See* Fed. R. Civ. P.

60(b)(1).

Lisitza complains that "defendants attempt to bootstrap the court's minor error into a dismissal under the first-to-file bar." The State plaintiffs rely on the fact that Maguire "did not name any [S]tates as parties." The United States contends that because the 2002 Maguire Complaint was filed under seal, "there was no public (or private) disclosure of the *Maguire* complaint prior to the filing of relator Lisitza's original and amended complaints."

Under the False Claims Act's first-to-file bar, "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). "The first-filed claim provides the government notice of the essential facts of an alleged fraud, while the first-to-file bar stops repetitive claims." *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 ( Cir. 2001). In *United States ex rel. Duxbury v. Ortho Biotech Prods.*, 579 F.3d 13 (1st Cir.2009), the First Circuit held that the first-to-file rule bars "'a later allegation [if it] states all the *essential facts* of a previously-filed claim' or 'the same *elements* of a fraud described in an earlier suit.'" *Id.* at 32 (emphasis in original), quoting *United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 232-233 (3d Cir. 1998). The *Duxbury* court found that, while both an original complaint and a later-filed complaint contained similar claims (promotion of

2

off-label use) against the same defendant (OBP) regarding the same drug (Procrit), the later filed (Blair) complaint contained additional allegations of OBP promotional efforts and it therefore differed sufficiently in its essentials for purposes of the first-to-file bar. The relevant facts in this case correspond to those in *Duxbury*. Therefore, the Maguire Complaint does not preclude Lisitza's.

### ORDER

For the foregoing reasons, J&J's motions for reconsideration of the court's February 25, 2001 Order is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE